TEAMSTERS AND CHAUFFEURS UNION LOCAL NO. 525, Plaintiff-Appellant, v. BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY, Defendant-Appellee.

Fifth District   No. 5—88—0269

Opinion filed August 28, 1989.

John H. Kelly, of Thomas F. McGuire & Associates, Ltd., of Long Grove, for appellant.

John L. Gilbert, of Reed, Armstrong, Gorman, Coffey, Thomson & Gilbert, P.C., of Edwardsville, for appellees.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Teamsters and Chauffeurs Union Local No. 525 (hereinafter the Union), appeals from an order of the circuit court of Jackson County which dismissed for lack of subject matter jurisdiction its complaint against defendant, the Board of Trustees of Southern Illinois University (hereinafter the Board). For the reasons which follow, we affirm.

At issue in this litigation was a decision by the Board to use private security guards, rather than employees who belonged to the Union, at the East St. Louis facility of Southern Illinois University. The Union's complaint was in three counts. Count I sought a declaratory judgment that the Board was prohibited by the "public policy, Consti-

tution and/or statutes of Illinois" from contracting with a private security firm to provide security services at the East St. Louis facility. Count II asked for issuance of an injunction to prevent the Board from "in any way paying monies to private security firms which provide security services to preserve peace and order and to protect life, liberty and property at the facilities under the control of the [Board]." Count III requested that the circuit court vacate or reverse a determination by the American Arbitration Association which found that the Board could contract with a private security firm to provide security services at the East St. Louis facility.

The Union originally filed its complaint in the circuit court of Madison County. The Board then filed a special and limited appearance and moved, successfully, to have the cause transferred to Jackson County. Once the cause was there, the Board moved to dismiss the Union's complaint for lack of subject matter jurisdiction. Following a hearing, the Board's motion was granted, and the cause was dismissed.

■ Although only count III of the Union's complaint expressly sought review of the decision by the American Arbitration Association, all three counts were based on the labor dispute between the Union and the Board, and all three involved the validity of the arbitration decision. Under the Illinois Educational Labor Relations Act (Ill. Rev. Stat. 1987, ch. 48, pars. 1701 through 1721) (hereinafter the Act), primary jurisdiction over arbitration decisions involving disputes between educational employers and employees rests with the Illinois Educational Labor Relations Board (hereinafter IELRB), not the circuit court. (*Board of Education of Community School District No. 1 v. Compton* (1988), 123 Ill. 2d 216, 526 N.E.2d 149.) The circuit court here therefore correctly dismissed all three counts of the Union's complaint for lack of subject matter jurisdiction.

■ The Union resists this conclusion by arguing that because the arbitration decision at issue here found in favor of the Board, the Board could not be said to have committed an "unfair labor practice," and because the arbitration decision simply denied the Union's grievance, there was no way that the Union could refuse to comply with the arbitration decision so as to commit an "unfair labor practice" itself. Because there was and could not be an "unfair labor practice," and because an "unfair labor practice" must be alleged before a hearing may be granted before the IELRB (see Ill. Rev. Stat. 1987, ch. 48, par. 1715), the Union reasons that this case does not fall within the IELRB's exclusive jurisdiction and, indeed, that the arbitration decision in question is not subject to review by the IELRB at all. Ac-

cordingly, the Union contends that the only possible way it can obtain review of the arbitration decision in question is through the circuit court.

The flaw in the Union's argument is that the Union has, in fact, been able to proceed under the Illinois Educational Labor Relations Act. According to the record, as supplemented during the April 13, 1989, oral argument, the IELRB has now found that there were sufficient issues of law or fact to warrant a hearing on whether an unfair labor practice existed, it has issued a complaint, and it has scheduled a hearing on that complaint. We do not know if the hearing took place as scheduled or what, if any, decision the IELRB has reached, but this is of no consequence in this appeal. Now that the Union has been able to invoke the Act's provisions and pursue redress thereunder, we believe that the Act provides the exclusive avenue for recourse by the Union under *Board of Education of Community School District No. 1 v. Compton* (1988), 123 Ill. 2d 216, 526 N.E.2d 149, and that it may not now pursue a separate action in circuit court.

For the foregoing reasons, the judgment of the circuit court of Jackson County is affirmed.

Affirmed.

WELCH, P.J., and GOLDENHERSH, J., concur.